**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**C.H. ROBINSON WORLDWIDE, INC.,**

    **Plaintiff,**

vs.                                                           Case No.: 8:06-CV-2172-T-27EAJ

**B&G PRODUCE, INC., et al.,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

Before the court is Plaintiff's **Motion for Preliminary Injunction** (Dkt. 2), filed November 21, 2006.[1] Defendants have not filed a response as of the date of this report. The court held an evidentiary hearing on the motion on December 12, 2006. Defendants neither attended the hearing nor sought relief from the court to continue the hearing. For the reasons set forth below, the undersigned recommends that Plaintiff's motion for preliminary injunction be granted.

**I.      Background and Procedural History**

Plaintiff brings suit under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a-t, to enforce its right to payments due for perishable agricultural products purchased by Defendants. On November 21, 2006, Plaintiff filed a motion for temporary restraining order ("TRO") without notice to Defendants (Dkt. 2), alleging that Plaintiff would suffer immediate and irreparable injury, loss, and damage due to Defendants' dissipation of PACA statutory trust assets if the TRO did not issue. The court granted the TRO, and ordered Defendants to pay $29,587.11 to

---

[1] The district judge referred this matter to the undersigned for consideration and a report and recommendation (Dkt. 7). See 28 U.S.C. § 636(c); Local Rules 6.01(b) and 6.01(c), M.D. Fla.

Plaintiff through counsel, into the court registry, or into an escrow account with a federally insured financial institution within three (3) days of the date of the order. The court also ordered Defendants to provide Plaintiff's counsel with a current accounting of business operations and accounts within three (3) days of the date of the order. The court did not require Plaintiff to post a bond (Dkt. 7).

Defendants seek to continue the TRO as a preliminary injunction prohibiting Plaintiffs from dissipating the statutory trust under which Plaintiff is a perfected beneficiary pursuant to PACA.

## II.     Findings of Fact

Plaintiff is a Minnesota corporation engaged in the business of selling perishable agricultural commodities in interstate commerce (Dkt. 1, ¶ 3). Defendants are dealers and commission merchants of produce in Florida (Dkt. 1, ¶¶ 4, 5). Between April 11, 2006 and May 25, 2006, Defendants ordered, received, and accepted $27,154.00 worth of produce on credit from Plaintiff, all of which, including accrued interest and attorneys' fees, remains unpaid (Dkt. 1, ¶ 10; Exs. A, B).

PACA regulates the interstate sale of perishable agricultural commodities. See 7 U.S.C. § 499a-b. Upon delivery and acceptance of produce by a dealer, broker, or merchant, a statutory trust automatically arises in favor of the produce seller, and the dealer must "hold[] its produce-related assets as a fiduciary until full payment is made to the produce seller." 2927764 Canada, Inc. v. Dew Drop Farms, LLC, No. 6:04-CV-1587-ORL-22DAB, 2005 WL 1228654, *3 (M.D. Fla. May 22, 2005); 7 U.S.C. § 499e(c). PACA establishes this "non-segregated floating trust" for the protection of produce suppliers and gives them "priority over banks or other creditors who may have perfected security interests in the inventory and receivables of an insolvent produce dealer." Country Best v. Christopher Ranch, LLC, 361 F.3d 629, 632 (11th Cir. 2004).

At the time Defendants accepted and received the produce, Plaintiff became the beneficiary

of a statutory trust under PACA. Plaintiff gave written notice to Defendants of its intent to preserve trust benefits in accordance with PACA by including the required statutory trust language on the invoices sent to Defendants (Dkt. 1, Ex. A).[2] Defendants have failed to pay trust funds to Plaintiff, have failed to maintain trust assets, and have likely improperly dissipated trust assets in violation of PACA.

As previously noted, Defendants have neither filed a response to the motion nor attended the evidentiary hearing; therefore, they are deemed to have no objection to the relief requested. See Local Rule 4.06, M.D. Fla.

**III.   Conclusions of Law**

The court has discretion in determining whether to issue a preliminary injunction. Frio Ice, S.A. v. SunFruit, Inc., 918 F.2d 154, 159 (11th Cir. 1990) (citation omitted). A preliminary injunction should be granted where the movant clearly shows 1) a substantial likelihood of success on the merits; 2) that it will suffer irreparable harm absent the issuance of an injunction; 3) that the potential injury to the movant outweighs the possible harm to the opposing party; and 4) that the public interest will not be harmed by the issuance of the injunction. Id.

The undersigned finds that Plaintiff has established a likelihood of success on the merits. Plaintiff has sufficiently demonstrated that it engaged in interstate commerce with Defendants in the buying and selling of produce and that it is protected by the PACA statutory trust. In addition, the

---

[2] 7 U.S.C. § 499e(c)(4) provides that "a licensee may use ordinary and usual billing or invoice statements to provide notice of the licensee's intent to preserve a trust." The statute subsection further states the language which must be included on the billing or invoice statements of a seller who intends to provide notice of his intent to preserve trust benefits under PACA. The court finds that the language on the face of Plaintiff's invoice is in compliance with the required statutory language. See Dkt. 1, Ex. A.

evidence shows that Plaintiff provided Defendants with proper notice of its intent to preserve trust benefits in accordance with 7 U.S.C. §499e(c)(4). (See Dkt. 1, Ex. A). Similarly, the court finds that Plaintiff has established that it will suffer irreparable harm absent the issuance of an injunction. The evidence before the court suggests that Defendants' financial situation may be dire and that the trust assets may have already been improperly dissipated. Therefore, money damages are not an adequate remedy and an injunction is necessary to prevent any further dissipation of trust assets.

As to the third factor, Defendants have not presented the court with any evidence that it will suffer harm if the injunction is granted. The potential injury to Plaintiff here clearly outweighs any possible harm to Defendants. Finally, the court finds that granting the injunction will not be a disservice to the public interest—on the contrary, the public interest will be served by protecting produce sellers' rights to receive payment on contracts entered into with interstate buyers.

**IV.    Bond Requirement**

The court recommends that Plaintiff not be required to post a bond, as Defendants are already in possession of at least $29,587.11 of Plaintiff's assets and PACA is a remedial statute. See Caterpillar, Inc. v. Nationwide Equipment, 877 F. Supp. 611, 617 (M.D. Fla. 1994) (court has discretion to waive bond requirement). See also Dkt. 3, at 17-44.

**V.    Conclusion**

Accordingly and upon consideration, it is **RECOMMENDED** that Plaintiff's motion for preliminary injunction be **GRANTED**.  Defendants and their officers, agents, servants, employees, assigns, attorneys, and financial institutions should be restrained from dissipating, disbursing, or otherwise encumbering any and all funds, monies, and/or unliquidated interests of any type whatsoever now in their possession and/or under their control, as well as any and all funds and/or

monies hereinafter received until sums owed to Plaintiff are paid in full.

In addition, Defendants should be ordered to, prior to the expiration of the TRO, either pay Plaintiff through counsel or deposit into the court registry $27,154.00, together with accrued interest as has been demonstrated by the record,[3] and provide Plaintiff's counsel with a current accounting of business operations, including, but not limited to, records concerning B&G Produce Inc.'s assets, bank accounts, accounts receivable, accounts payable, operating expense and sales, and a complete list of all PACA trust creditors.[4]

Because Defendants failed to appear for the preliminary injunction hearing and have not entered an appearance in this case, Plaintiff shall serve a copy of this report and recommendation on Defendants within three (3) days of the date of this report.

December 12, 2006

_____
ELIZABETH A JENKINS
United States Magistrate Judge

---

[3] Plaintiff's proposed order granting the motion for preliminary injunction refers to the principal amount of $27,154.00 and prejudgment interest in the amount of $3,002.00 as of the date of the hearing, with these amounts totaling $30,156.00. Within the time period prescribed for written objections to this report, Plaintiff shall file a notice with the court as to the amount of accrued interest due as of the expiration of the TRO.

[4] Defendants did not comply with the court's order to pay Plaintiff through counsel, deposit into the court registry, or deposit into an interest bearing account with a federally insured financial institution monies in the amount of $29,587.11 within three (3) business days of the issuance of the TRO (Dkt. 7). Similarly, Defendants did not comply with the court's order to provide their accounting information to Plaintiff's counsel within three (3) business days of the issuance of the TRO. (Id.)

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

Copies to:
District Judge
Counsel of Record